## Harry Leon et al. v. Frederick Goldsmith et al.

1. RESCISSION—*Offer to Return Property Received—Tender.*—A., desiring to rescind a contract with B, said to him : " I will give you back the notes, and you give me back the goods;" to which B replied : " I won't do that; not at present, anyhow." *Held*, that this was a sufficient offer by A to rescind, and that a formal tender of the notes was not necessary.

2. SAME—*Knowledge of Fraud.*—That a party wishing to rescind a contract. did not then know of the fraud which gave him the right to do so, and was only afraid, does not affect his right to rescind.

3. INSTRUCTIONS—*To be Considered Together and in Connection with the Evidence.*—An instruction should be construed in connection with the other instructions which were given, and with the evidence which was introduced; and if, from a consideration of the entire record, it is plain that no harm was done, minor inaccuracies will not be ground for a reversal.

**Replevin**, for diamonds.  Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, judge, presiding.  Heard in this court at the October term, 1896.  Affirmed.  Opinion filed February 9, 1897.

MOSES, PAM & KENNEDY, attorneys for appellants.

FELSENTHAL & D'ANCONA, attorneys for appellees.

Leon v. Goldsmith.

Mr. Justice Gary delivered the opinion of the Court.

In August, 1895, the appellees, diamond importers in New York, sold on credit to Leon, of Chicago, diamonds to the amount of $6,465.39. It is conceded that the purchase was by fraud. This suit is defended in the interest of his assignee for the benefit of creditors. In September Goldsmith came to Chicago, and as part of a conversation with Leon, Goldsmith (having the notes which Leon had given for the diamonds then in his pocket), said to Leon: "I will give you back the notes and you give me back the goods," to which Leon replied, "I won't do that; not at present, anyhow."

That was a sufficient offer by Goldsmith to rescind; a formal tender of the notes was not necessary. 21 Am. & Eng. Ency. of Law, 86 et seq.

That Goldsmith did not then know of the fraud which gave him the right to rescind, and was only afraid, does not affect the question.

The real contest in this case is, whether the diamonds which were taken upon the replevin writ sued out by the appellees were the same diamonds which they had sold to Leon. The testimony that they were was emphatic, positive and unambiguous; whether credible or not was a question for the jury.

Incautious instructions, of which the one copied below is a sample, were given to the jury at the request of the appellees:

"The jury are instructed that if they believe from all the evidence in this case that the property for which replevin was brought was bought from Herzog, Goldsmith & Frank, under false representations made by Leon, which representations were relied on by the plaintiffs, and the goods sold to him on the strength of such representations; or if the jury believe from all the evidence in this case that Leon bought the goods from the plaintiffs with fraudulent intent never to pay for the goods, then no title to such goods passed to Leon, and the plaintiffs are entitled to the possession of such goods, and your verdict must be for the plaintiffs."

But *per contra* were given for the appellants others, of which one was:

" 1.   The court instructs the jury that this is an action of replevin, commenced by the plaintiffs by the filing of an affidavit wherein they claim, under oath, that they are entitled to the possession of certain diamonds described therein.   Before the plaintiffs can recover under their claim they must establish by a preponderance of the evidence that. the diamonds which they took from the possession of Harry Leon, under the replevin writ issued upon the strength of said affidavit for replevin, were and are the diamonds which were originally sold and delivered by the plaintiffs to Harry Leon, and upon this issue it is the duty of the plaintiffs to prove the facts by a preponderance of the evidence, and if they have not done so, then the plaintiffs can not recover, and the verdict of the jury should be for the defendants.

If the evidence upon the question of the identity of the diamonds does not preponderate in favor of the plaintiffs, but is evenly balanced, or if the jury, from the evidence, can not determine where the preponderance lies, then the plaintiffs can not recover, and the verdict should be for the defendants."

Now the jurors being, by statute," well informed and who understand the English language," and having the instructions read to them—the first one first, and the other afterward—would readily comprehend that the phrase " for which replevin was brought" in the first, meant the same as, and was restricted to, those which were taken " under the replevin writ," as the phase is in the second.

And this conclusion is fortified by a statement in the bill of exceptions.   After the counsel for the appellants had partly cross-examined the first witness of the appellees, the bill states :

" And the court certifies that here at this juncture, by the agreement of the parties to this cause, and for the purpose of facilitating the trial thereof, the court, at the commencement of said cause, heard the arguments of counsel

upon the question of what proof was admissible and necessary as to the identity of the goods, and the parties hereto then and there agreed that said bill of exceptions should show and contain the following:

That the plaintiffs insisted, when they introduced evidence to prove up their case, that upon proof of title in the plaintiffs at the time of bringing suit to the property mentioned in the affidavit and declaration, as well as in the plea, the plaintiffs were entitled to a verdict, and that they were not bound to offer any proof whatever as to the identity of the goods; that such was not necessary under the pleadings in the case, and that the sheriff's return that he had replevied a part of the goods described in the writ of replevin, could not be contradicted at this time, and that such return could only be contradicted by motion to quash the writ or by plea in abatement; but the court refused to assent to such contention, and then and there compelled the plaintiffs to offer proof as to the identity of the goods; and the plaintiffs then and there excepted to the ruling of the court.

That the plaintiffs further objected to any evidence being offered by the defendants upon the question of the identity of the goods, for the same reason, and objected to all the evidence offered by the defendants on that subject; but the court overruled such objections, to which rulings of the court the plaintiffs then and there duly excepted."

That the words "at the commencement of said cause" do not mean when the writ of replevin was sued out, but do mean when the trial began, we shall assume without comment, and that such argument preceded the impaneling of the jury is highly improbable.

Thus, besides the aid derived from the written instructions, the jury were enlightened by the debate of counsel and the decision thereon.

We may not say that we do not believe that an expert can recognize a lot of little diamonds, as it is said that shepherds do sheep. It is common experience that one can not readily identify individuals of a foreign and unfamiliar

race; shall we then say that they must doubt the identity of each other?

Now, that identification is all that is in issue, and the jury by their verdict sanctioned it, the judgment is affirmed.